## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) RREF CB SBL-AZ, LLC, an Arizona limited liability company, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| (1) PAUL A. ROMANS; | )<br>) |
| (2) RITHA B. ROMANS.; | )  Case No. 16-CV-72 CVE-JPC |
| (3) ANITA LEHNUS; | )<br>) |
| (4) CHRISTINE TABOR; and | )<br>) |
| (5) OCCUPANT(S) OF 39009 LABOSKEY ROAD, WISTER, OK 74966, if any, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff RREF CB SBL-AZ, LLC ("RREF" or "Plaintiff"), for its Complaint against Defendants Paul A. Romans, Ritha B. Romans, Anita Lehnus, and Christine Tabor ("Defendants"), states and alleges as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff RREF is an Arizona limited liability company, and its mailing address is 790 NW 107th Avenue, Suite 400, Miami, FL 33172. RREF's sole member is domiciled in Florida and Delaware.

2. Defendants Paul A. Romans and Ritha B. Romans (collectively, "the Romans" or "Judgment Debtors") are husband and wife, and, upon information and belief, are residents of Tulsa County at 8243 S. Florence Ave. E., Tulsa, Oklahoma, 74137.

3. Upon information and belief, Defendants Anita Lehnus and Christine Tabor are related to Paul A. Romans and Ritha B. Romans. Upon information and belief, Defendant Anita Lehnus currently resides at 3304 W Mayo PL, Benson, AZ 85602, and Defendant Christine Tabor currently resides at 152 Pekin Ave., East Peoria, IL 61611.

4. The Defendants have substantial and numerous contacts with the State of Oklahoma directly related with the subject matter of this lawsuit. Furthermore, the Defendants own the property that is the subject of this lawsuit, and such property is located in Oklahoma. Therefore, this Court has personal jurisdiction over the Defendants.

5. Upon information and belief, the value of the property that is the subject of this action exceeds $160,000. As shown above, there is complete diversity between RREF, an Arizona entity whose sole member is domiciled in Florida and Delaware, and the Defendants, who are domiciled in Oklahoma, Arizona, and Illinois. Thus, the amount in controversy in this civil action is greater than $75,000, and this Court has diversity subject matter jurisdiction under 28 U.S.C. § 1332.

6. Venue is proper in the Northern District of Oklahoma under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

7. On or about April 10, 2013, a Complaint was filed by RREF in the Superior Court of the State of Arizona, in and for the County of Cochise, against the Romans for the foreclosure of certain Arizona properties that secured two construction loans to the Romans.

8. After being validly served, the Romans failed to appear, answer or otherwise respond to the Complaint, and RREF ultimately moved for default judgment against the Romans.

After the time prescribed by law for the Romans' appearance had passed, RREF filed an Application and Affidavit for Default on May 23, 2013, which was served on the Romans by mail at their address at the time, 6950 S. 77th E. Avenue, Tulsa, OK 74133. A copy of this Application and Affidavit for Default is attached hereto as Exhibit 1.

9. On or about July 3, 2013, RREF filed its Motion for Entry of Default Judgment Against Defendants, in the Arizona action. A copy of the Motion for Entry of Default Judgment Against Defendants is attached hereto as Exhibit 2. RREF's Motion for Entry of Default Judgment Against Defendants was served by mail on the Romans on July 2, 2013. A Notice of Default Hearing was also served on the Romans on July 2, 2013, which scheduled a hearing on July 19, 2013 on RREF's motion for default judgment. *See* Notice of Default Hearing, attached hereto as Exhibit 3. After the Romans failed to respond, the clerk of the court in the Arizona action entered the default of the Romans in accordance with Arizona law.

10. At the time the Arizona action was filed, the Romans owned a property in Wister, Oklahoma. The property is located at 39009 Laboskey Road, Wister, Oklahoma 74966 (the "Property") and was purchased by the Romans as joint tenants with rights of survivorship by a warranty deed filed on or about February 23, 2012 in the LeFlore County real property records.

11. After the Romans received notice of the default that was going to be entered against them, the Romans conveyed, without consideration, a portion of their interest in the Property to their relatives, Defendants Anita Lehnus and Christine Tabor, in an attempt to hinder, delay, or defraud their creditors, including RREF.

12. In particular, on or about July 9, 2013, just 6 days after RREF filed its Motion for Entry of Default Judgment Against Defendants and its Notice of Default Hearing on the Romans in the Arizona action, the Romans transferred the Property by warranty deed to themselves and

Anita Lehnus and Christine Tabor as joint tenants with rights of survivorship (the "Transfer"). A copy of the warranty deed memorializing the Transfer (the "Warranty Deed") is attached hereto as Exhibit 4. Thus, whereas Paul Romans and Ritha Romans each held a 1/2 undivided interest in the Property prior to the July 9, 2013 Transfer, Paul Romans, Ritha Romans, Anita Lehnus, and Christine Tabor each held a 1/4 undivided interest in the Property after the Transfer.

13.   Moreover, the interest in the Property that the Romans transferred to their relatives (Anita Lehnus and Christine Tabor) was transferred for no consideration. The Warranty Deed bears an exemption for the payment of the Oklahoma Documentary Stamp Tax pursuant to 68 O.S. § 5102.[1] *See* Exhibit 4. The exemption claimed on the Warranty Deed is Exemption No. 4, which states that the Oklahoma Documentary Stamp Tax imposed by 68 O.S. § 3201 does not have to be paid for "[d]eeds between husband and wife, **or parent and child**, or any persons related within the second degree of consanguinity, **without actual consideration therefore** . . . ." 68 O.S. § 3202(4) (emphasis added).

14.   Further evidencing the Romans' fraudulent intent, the Romans continued to maintain possession or control of the Property after the Transfer was made.

15.   After the Transfer was effectuated, RREF obtained a default judgment (the "Judgment") against the Romans in the Arizona action on July 29, 2013. A copy of the Judgment is attached hereto as Exhibit 5. Pursuant to the Judgment, RREF obtained an order for the foreclosure of certain Arizona properties and a money judgment against the Romans for 387,138.96, plus costs and accruing interest. *See* Exhibit 5.

16.   The Romans did not make any payment toward RREF to satisfy the Judgment. From proceeds collected from the foreclosure of certain properties in accordance with the

---

[1] 68 O.S. § 1502 has been renumbered to 68 O.S. §§ 3201 to 3206. *See* 68 O.S. § 1502.

Judgment, however, the Judgment was partially satisfied in the amount of $206,000. On April 15, 2015, a Notice of Partial Satisfaction of Judgment was filed in the Arizona action to evidence this partial satisfaction.

17. Since the Notice of Partial Satisfaction of Judgment was filed, the outstanding debt owed on the Judgment has continued to remain unpaid by the Romans and accrue interest.

18. On or about December 23, 2015, RREF domesticated the Judgment in Oklahoma and, pursuant to that domestication, served upon the Judgment Debtors a Notice of Filing of Foreign Judgment. *See* Notice of Filing of Foreign Judgment, attached hereto as Exhibit 6.

19. Occupant(s) of 39009 Laboskey Road, Wister, OK 74966, if any, ("Occupants") may claim some right, title, lien, estate, encumbrance, claim, assessment, possessory interest, or other interest in and to the Property, adverse to that of Plaintiff, which constitutes a cloud upon the title of Plaintiff, but any such claim is subject, junior, inferior and subordinate to the interests of Plaintiff.

20. As a result, Plaintiff requests this Court to determine that Plaintiff's interest in and to the Property is first and prior and that any claimed interest of Occupants is junior and inferior to the interest of Plaintiff, and said Occupants should appear herein and assert such interest or be forever barred from asserting the same.

**COUNT 1 - FRAUDULENT TRANSFER/VOIDANCE OF PROPERTY TRANSFER**

21. RREF hereby adopts and incorporates by reference all statements and allegations contained in Paragraphs 1-20 as if fully set forth herein.

22. The Judgment obtained by RREF in the Arizona action constitutes a "claim" within the meaning of Oklahoma's Uniform Fraudulent Transfer Act (UFTA), 24 O.S. 112 *et*

5

*seq. See* 24 O.S. § 113.  The "claim" existed prior to RREF obtaining the Judgment, and before the Transfer was made.

23.     RREF is and was a "creditor" within the meaning of the UFTA at the time of the Transfer made by the Romans to Anita Lehnus and Christine Tabor.

24.     The Romans received notice of their obligation to RREF when they were served with the Complaint in the Arizona action, and again when they received the Application and Affidavit of Default filed by RREF in the Arizona action and other filings related to RREF's application for default judgment.

25.     Shortly after receiving notice that default was going to be entered against them in the Arizona action, the Romans devised a scheme to transfer a portion of their interest in the Property to place the Property outside of the reach of RREF, a creditor.  The Transfer was made only 6 days after RREF filed its Motion for Entry of Default Judgment Against Defendants, and just 10 days before the hearing scheduled regarding RREF's default judgment motion.  The timing of the Transfer was not coincidental.  The Romans made the Transfer of the Property by the Warranty Deed with the actual intent to hinder, delay, or defraud their creditors, including RREF.

26.     Upon information and belief, the Romans attempted to and did convey a significant portion of their non-exempt, unencumbered personal and real property to third parties (Anita Lehnus and Christine Tabor) without consideration in an attempt to prevent RREF from levying against such property to satisfy the amounts outstanding under the Judgment.

27.     Upon information and belief, Anita Lehnus and Christine Tabor had knowledge that the Transfer of the Property was made to defeat the claims of creditors, including RREF.

28.     The Romans did not receive a reasonably equivalent value in exchange for the portion of the Property transferred to them pursuant to the Warranty Deed, as the Transfer was made without any consideration whatsoever.

29.     Through the Transfer, the Romans intended to incur, or believed or reasonably should have believed that they would incur, debts beyond their ability to pay them as they became due.

30.     The Transfer was to "insiders" within the meaning of the UFTA because Anita Lehnus and Christine Tabor are relatives of the Romans.

31.     Further evidencing the Romans' intent to hinder, delay, or defraud RREF, the Romans continued to retain possession or control of the Property following the Transfer.

32.     The Romans made the Transfer without receiving a reasonably equivalent value in exchange for the Transfer, and the Romans were insolvent at that time or became insolvent as a result of the Transfer.

WHEREFORE, Plaintiff RREF respectfully requests that judgment be entered in its favor and against Defendants as follows:

A.      Awarding a money judgment against Defendants Anita Lehnus and Christine Tabor in an amount equal to the value of the interest received by them pursuant to the Transfer;

B.      Declaring the interest in the Property transferred to Anita Lehnus and Christine Tabor void;

C.      Reforming the Warranty Deed to restore title in the Property to Defendants Paul A. Romans and Ritha B. Romans as joint tenants;

D.      Ordering that Plaintiff is entitled to levy execution on the Property and apply the proceeds to the outstanding balance owed on the Judgment;

E. Enjoining any further disposition of the Property and/or its proceeds by the Defendants, Paul A. Romans, Ritha B. Romans, Anita Lehnus, and Christine Tabor;

F. Awarding costs, interest, and attorneys' fees as permitted by law and the loan documents between Plaintiff and the Romans;

G. Declaring that Plaintiff's interest in the Property is first, prior and superior to all other interest in and to the Property, including but not limited to any such interest claimed by the Defendants and Occupants; and

H. Granting all other relief to which the Court deems Plaintiff entitled.

Respectfully submitted,

s/Lysbeth L. George
Judy Hamilton Morse, OBA #6450
Lysbeth L. George, OBA #30562
Andrew E. Henry, OBA #32009
-Of the Firm-
CROWE & DUNLEVY, PC
A Professional Corporation
Braniff Building
324 N. Robinson Ave.
Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
judy.morse@crowedunlevy.com
lysbeth.george@crowedunlevy.com
andrew.henry@crowedunlevy.com

ATTORNEYS FOR PLAINTIFF RREF CB SBL-AZ, LLC

2918515.4